## CIRCUIT COURT OF BUCHANAN COUNTY

Island Creek Coal Co. et al.

v.

Jerry Hager et al.

September 21, 1987

Case No. (Chancery) 182-87

By JUDGE NICHOLAS E. PERSIN

Upon a review of the evidence, argument, and supporting authority, the Court has concluded the following.

(1) Jurisdiction lies with the Circuit Court of Buchanan County to consider the prayer for injunctive relief and Motion to Quash of the Complainants against the Defendants.

(2) The Industrial Commission of Virginia had legal authority to adopt Rule 13 under Virginia Code Section 65.1-18.

(3) The Industrial Commission of Virginia had the power to suspend payments of benefits under Rule 13, when read in conjunction with Virginia Code Sections 65.1-18 and 65.1-99, without violating the Defendants' Fourteenth Amendment right to due process under the Constitution of the United States.

The Defendant, Hager, invoked the jurisdiction of the Court by requesting the issuance of the writ of execution. The propriety of the issuance of the writ was properly challenged by the Complainants' Motion to Quash.

The enactment of Rule 13, pursuant to Virginia Code Section 65.1-18, is not inconsistent with the provisions of Title 65.1 (the Virginia Worker's Compensation Act). Al-

though Section 65.1-99 does not expressly authorize the preliminary suspension of benefits pending a post suspension hearing on the merits, the application of Rule 13 presents no inconsistency to the provisions of the Act.

The complex issue of the Fourteenth Amendment, and the Defendants' due process rights, have been protected by the amendments to Rule 13. The Defendant, Hager, had notice and an opportunity to be heard prior to suspension of the award. At the hearing stage he is entitled to complete relief should the Complainants fail to meet the required burden of proof. Rule 13 clearly provides for due process rights guaranteed by the Fourteenth Amendment to the Constitution. (*See Silas v. Smith*, 361 F. Supp. 1187 (E.D. Pa. 1973); *Dillard v. Va. Industrial Commission*, 416 U.S. 783 (1974); *Mathews v. Eldridge*, 424 U.S. 319 (1976).

In some cases the temporary suspension of benefits prior to receiving a full evidentiary hearing may create hardship, however, when the Court considers the application of Rule 13 to the Virginia Worker's Compensation Act, and its purpose, this procedure is permissible.

Counsel for the Complainants is directed to prepare a decree granting the prayer for injunction and the Motion to Quash the writ of execution.